UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS          2014 APR 29  P 12: 36

ALEXIS KARLE

Plaintiff                                    Civil Action No. 3:14-cv-30058

V.

Defendants

SOUTHWEST CREDIT SYSTEMS

NORTHEASTUTILITIES SERVICE

DECA FINANCIAL SERVICES

EOS CCA

CREDIT ACCEPTANCE

**FIRST AMENDED COMPLAINT**

**Parties**

1. The Plaintiff Alexis Karle is a resident of Springfield MA 01109, County of Hampden, and a citizen of the United States.

2. Defendant Southwest Credit Systems (hereafter South) is a third-party debt collection company with a usually address of 4120 International Parkway, Suite 1100, Carrollton, Texas 75007.

3. Defendant Northeast Utilities Service (hereafter North) company with a usually address of 1985 Blue Hills Avenue EXT Windsor, CT 06095.

4. Defendant DECA Financial Services (hereafter DECA) is a third-party debt collection company with a usually address of 12175 Visionary Way Fishers, IN and is not registered to collect debts in Massachusetts.

5. Defendant EOS CCA (hereafter EOS) is a third party debt collector with a usual address of 700 Long water Drive, Norwell Ma 02061.

6. Defendant Credit Acceptance (hereafter Credit) is a third party debt collector that is not registered to collect debts in Massachusetts that has a usually address of 25505 West 12 Mile Road, Suite 3000, Southfield, MI 48034.

## Jurisdiction

7. This court has jurisdiction over this matter pursuant to 15U.S.C. §1692, 15 U.S.C. §1681p and 28 U.S.C. §1332.

8. The occurrences which give rise to this action occurred in Massachusetts and Plaintiff resides in Massachusetts and the defendants transact business in Massachusetts.

9. Venue is proper in Massachusetts, because defendants intentionally reached into the county of Hampden.

10. This Court has jurisdiction over defendants pursuant because defendants caused injury to plaintiff within this state (Massachusetts) while it was engaged in service activities, to wit, debt collection, within this state.

## FACTS

11. This case is over $25,000 in violations committed by the defendants.

12. All conditions precedent to the bringing of this action has been performed the defendants was sent a Notice of Pending Lawsuits and MGL 93a Demand letters and the lawsuit to mitigate damages and to save judicial resources and the courts time.

13. Plaintiff hereby sues the defendants for violations of the Federal Debt Collection Practices Act (hereafter FDCPA), Fair Credit Reporting Act (hereafter FCRA), Massachusetts Debt Collection Regulation Act 940 CMR 7.00 (hereafter MDCRA) & the Massachusetts Unfair & Deceptive Trade Practices Act (hereafter MGL 93a).

14. Plaintiff sent defendants South, North, Deca, EOS & Credit a mgl 93a demand letter and Cease & Desist letters each plaintiff and has gotten no response.

15. On information and belief, defendant Eos & Credit placed calls using predictive dialers. The predictive dialers place calls without human intervention until a connection is made, in which case the dialers attempt to connect the recipient with a debt collector.

16. Upon information and belief, defendants Eos & Credit obtained plaintiff's telephone numbers via skip-tracing.

17. Defendant South, Eos & Credit on several occasions left several messages on plaintiffs home & wireless numbers, within the last 12 months which is a violation of the Federal Debt Collection Practices Act. (FDCPA) and other Federal & State laws.

18. Defendants South, Eos & Credit violated the FDCPA, MGL 93a, and MDCRA by calling plaintiff wireless, home and or cell numbers using an Automatic Dialer that has the capacity to store and dial numbers without human intervention.

19. Plaintiff tried to mitigate damages by mailing, emailing and calling defendants South, North, Deca, Eos & Credit notices of intent to sue and neither one has yet to respond.

20. Defendants South, Eos or Credit never sent out a letter after 5 days of the phone call to the

plaintiffs which are a violation of the FDCPA, Telephone Consumer Practices Act (Hereafter TCPA), Massachusetts Debt Collection Practices Act. 940 CMR 7.00 (Hereafter MDCPA) & the Massachusetts Unfair & Deceptive Trade Practices mgl 93a. (Hereafter MGL 93a).

21. Defendant Eos, South & Credit called plaintiff with an automatic dialer when plaintiff answered her phone there was no one there for about 4 seconds.

22. Defendant Credit has called plaintiff at least 24 times looking for Jose Santiago & plaintiff has told them countless times there is no Jose Santiago here and to stop calling Defendants refused to believe the plaintiff.

23. Plaintiff has never given defendant South, Eos or Credit express written permission to call plaintiffs home, wireless or cell phone.

24. As of October 16, 2014 all debt collectors and telemarketers have to have express permission in writing to call an individual's home, cell or wireless number which they don't have from plaintiff which makes it a violation of the TCPA.

25. On information and belief, when Defendants Eos, South & Credit made these calls, it used equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator and/or a predictive dialer; with the capacity to dial such numbers.

26. Plaintiff pulled her consumer credit reports from the three major credit reporting agencies and found entries by entities that she was unfamiliar with in the credit reports.

27. Plaintiff determined that her consumer credit report had been pulled on various occasions by various entities she did not recognize and without her consent.

28. Plaintiff found that after examination of her consumer credit report that Defendant South, North, Deca and Eos Defendants had pulled Plaintiff's consumer credit report without her express consent.

29. 10. Discovery of violation brought forth herein occurred in January 2014 and is within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681p.

30. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

31. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

32. Plaintiff has never had any business dealings or any accounts with, made application for credit, employment or applied for insurance, or received a bona fide offer of credit from any of the Defendants South, North, Deca and or Eos.

33. At no time did Plaintiff give her consent for Defendants South, Credit, Deca, North and Eos, to acquire her consumer credit report from any credit reporting agency.

34. FCRA in 15 U.S.C. §1681a(r)(4) states: The terms "account" and "electronic fund transfer" have the same meanings as in section 1693a of this title.

35. (2) the term "account" means a demand deposit, savings deposit, or other asset account **(other than an occasional or incidental credit balance in an open end credit plan** as defined in section 103(i) of this Act), as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement;

36. <u>The definition of "account" clearly does not include an account such as a credit card open end credit account</u> but does include a demand deposit account, savings deposit or other asset account which is wholly different. The Plaintiff never had any such account so there was obviously no permissible purpose for the credit pull.

37. Defendant South pulled plaintiffs credit report on at least 10/25/13 and 04/23/13.

38. Defendant Northeast pulled plaintiffs credit report on at least 02/18/14.

39. Defendant Deca pulled plaintiffs credit report on at least 07/19/12.

40. Defendant EOS pulled plaintiffs credit report on at least 01/21/13.

41. Please see **exhibit 1** for Credit report pulls.

42. Plaintiff has no idea or indication as to what possible alleged account Defendant South, North, Deca, and Eos could claim to have with her and is positive she had no account with Defendant South, North, Deca, and Eos which would come under the definition of account in the FCRA in regard to permissible purpose.

43. Defendant North, South, EOS & DECA pulled Plaintiff Alexis Karle credit report without a permissible purpose which is a violation of the FCRA, FDCPA, MDCRA 940 CMR 7.00 & MGL 93a.

44. The violations are timely for the Federal Debt Collection Practices Act (FDCPA), Fair Credit Reporting Act (FCRA), Massachusetts Debt Collection Regulation Act 940 CMR 7.00 (MDCRA) & the Massachusetts Unfair & Deceptive Trade Practices Act MGL 93a).

45. Plaintiff informed defendants South, EOS & Credit that they do not have express written permission to call plaintiffs home, wireless number or cell.

46. At no time did Plaintiff provide prior express written permission for any defendant to call her wireless, Home or cell number using equipment that has the capacity to store or produce random or sequential telephone numbers and / or with the use of a predictive dialer.

47. A Defendant Eos, DECA, South & Credit does not have, and has never had an established business relationship with any of the Plaintiffs.

48. Plaintiff seeks damages for any and all calls that Defendants Eos, South & Credit made to Plaintiff's telephone numbers in violation of the TCPA and the rules, regulations and orders promulgated by the FCC including but not limited to damages for any calls that defendant South made which Plaintiff is unaware of, for Defendant's Eos, South & Credit failure to provide a copy of its do-not-call policy, failure to properly scrub the national DNC as required by the FCC, failure to properly maintain and update its company specific DNC call list, and failure to accommodate Plaintiff's requests to stop calling, failure to train and monitor its employees about the existence of both the national and state required lists and to enforce the requirement that DNC requests be recorded, failure to stop all calls to the subscriber made within 10 years of consumer request to place his number on company DNC, failure to employ a version of the national "do-not-call" registry obtained from the Commission no more than thirty-one (31) days prior to the date any call is made, and to maintain records documenting this process, failure to sufficiently identify individual telemarketer name, his or her employer caller and business entity on whose behalf the calls were being made, or the causing Defendant's telephone number to be blocked from the subscriber's caller ID.

49. Defendant Credit Acceptance called plaintiff from 810-277-1003 on or about 26 occasions asking for a Mr. Jose Santiago and plaintiff has made it clear that there is no Jose Santiago at the number called by defendant Credit.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

**47 U.S.C. §227(b)(3)(B) South , EOS & Credit Acceptance**

35. Plaintiffs incorporate by reference all paragraphs of this Complaint as though fully stated herein.

36. On information and belief, Defendant Eos, South & Credit Acceptance used an automatic telephone dialing system as defined by 47 USC § 227 (a)(1) when it made each and every call to Plaintiffs number assigned to a cellular telephone in the last four years.

37. On information and belief, Defendant Eos, South & Credit Acceptance did not have Plaintiff prior express written permission ever to contact Plaintiff on her wireless Cell or home number using an automatic telephone dialing system.

38. Defendant Eos, South & Credit Acceptance made the calls to Plaintiff willfully and knowingly.

39. Defendant's Eos, South & Credit Acceptance acts in making the calls to Plaintiffs were not accidental.

40. Plaintiff's privacy has been invaded as a result of Defendant's Eos, South & Credit Acceptance acts.

41. The TCPA, 47 U.S.C. §227, provides:

**§ 227. Restrictions on use of telephone equipment**

> **... (b) Restrictions on use of automated telephone equipment.**
>
> **(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–**
>
> **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; ...**

42. The TCPA, 47 U.S.C. §227(b)(3), further provides:

    **Private right of action.**

    **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

    **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

    **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

    **(C) both such actions.**

    **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

43. Defendants Eos, South & Credit Acceptance violated the TCPA by placing automated calls to plaintiffs' wireless, cell and or Home telephone numbers with an automatic dialing machine that had the capability of storing or dialing telephone numbers without human intervention.

    **WHEREFORE**, Plaintiff prays that judgment be entered against Defendant Eos, South & Credit Acceptance damages pursuant to 47 U.S.C. § 227 (b)(3)(B) for each and every call in the amount of at least $500 for each such act that this Court finds were not made willfully or not made knowingly.

## COUNT II

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. §227(c)(5) Defendant Eos, South & Credit Acceptance

44. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

45. Defendant Eos, South & Credit Acceptance made telephone solicitation calls to Plaintiffs.

46. Plaintiffs requested Defendant Eos, South & Credit Acceptance to stop calling him.

47. Defendant Eos, South & Credit Acceptance made these telephone solicitations despite Plaintiff's number having been registered on the national "Do Not Call List.

48. Defendant Eos, South & Credit Acceptance failed to provide a copy of its do-not-call policy as requested by Plaintiff

49. Defendant Eos, South & Credit Acceptance failed to place Plaintiff on its do-not-call-list.

50. On information and belief, Defendants Eos, South & Credit Acceptance fails to properly maintain or train its personnel how to comply with the TCPA and the FCC rules and regulations.

51. After receipt of a cease and desist request, Defendants Eos, South & Credit Acceptance continued to make the calls to Plaintiffs.

52. Defendant Eos, South & Credit Acceptance continued to make prohibited calls to Plaintiff after Plaintiff made her request for the do-not-call policy.

53. Defendant Eos, South & Credit Acceptance made the calls to Plaintiff willfully.

54. Defendant Eos, South & Credit Acceptance made the calls to Plaintiff knowingly.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant Eos, South & Credit Acceptance for statutory, treble and punitive damages and any other the court fine appropriate damages pursuant to 47 U.S.C. § 227 (b)(3)(B) for each and every call in

the amount of $1,500 for each such act that this Court finds were made willfully <u>or</u> were made knowingly; and such other relief as the Court may deem just and proper.

## COUNT III

### VIOLATION OF FAIR DEBT COLLECTION PRACTICESACT (FDCPA), 15U.S.C. §1692 BY DEFENDANT SOUTH, EOS, CREDIT

55. Plaintiffs incorporate by reference all paragraphs of this Complaint as though fully stated herein.

61. Plaintiff is a consumers within the meaning of §1692a (3).

62. Defendants South, Eos & Credit are debt collectors within the meaning of §1692a(6).

63. Defendants South, Eos & Credit placed no less than 40 calls to plaintiffs wireless, Home and or cell after plaintiffs informed them that they had no express written permission to call and or they received plaintiffs Cease & Desist request and to only contact plaintiff though USPS. Defendants knew or should have known that the phone calls made were inconvenient to the consumer. Such communications are prohibited by 15U.S.C. § 1692c (a) (1). Plaintiff demands $1000 from defendants South, Eos & Credit.

64. Defendant South, Eos & Credit violated §1692e (10) by the use of any false representation or Deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment in the amount of $1000.

65. Defendants South, Eos & Credit violated 15 U.S.C. §1692d by engaging in conduct, which the natural consequence is to harass, oppress, or abuse any person.

66. Defendants South, Eos & Credit violated the FDCPA. Defendant's violations include, but

are not limited to, the following:

§1692e (2) by falsely representing the character, amount, or legal status of any debt.

§1692e (5) by threatening to take any action that could not legally be taken or that was not intended to be taken.

§1692e (8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

§1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

§1692e (11) by failing to warn that it was a debt collector.

§1692f (1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

§1692g by failure to send a validation notice within five days of the initial communication.

§1692g (b) by not ceasing collection efforts until the debt was validated.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendants South, Eos & Credit for $1000.00 and actual and statutory damages, and attorney's fees and costs.

## COUNT IV
## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 BY DEFENDANTS SOUTH, CREDIT, NORTH, DECA, EOS

67. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

68. Plaintiff is a consumer within the meaning of §1681a(c).

69. Defendant South, North, Deca, Credit & EOS is a furnisher of information within the meaning of §1681s-2.

70. For, at least, 24 months preceding this suit through the present defendant South, North, Deca, Credit & EOS have reported and continue to report to numerous persons and entities inaccurate, misleading, and unverifiable adverse information about Plaintiff. This information has consisted of numerous delinquent trade lines and inquiries on plaintiff credit reports.

71. Defendants South, North, Deca, Credit & EOS violated the FCRA. Defendant's violations include, but are not limited to, the following: willfully violated §1681b(f) by willfully using false pretenses or knowingly without a permissible purpose to obtain Plaintiffs consumer report, by falsely representing or certifying that the report was being obtained for a permissible purpose as defined b§168lb.

72. Defendant South, North, Deca, Credit & EOS reported this inaccurate and adverse information despite receiving numerous written notices, electronic notices, and telephone contacts by Plaintiff disputing the inaccurate information.

73. The action of Defendants South, North, Deca, Credit & EOS obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

**WHEREFORE**, Plaintiff demands judgment for damages against Defendant South, North, Deca, Credit & EOS for actual, treble and statutory damages, punitive damages, attorney's fees and court costs, and grant such other and further relief as the court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff here by demand a trial by jury of all issues so triable as a matter of law.

Dated: March 29, 2014

Respectfully Submitted,

Alexis Karle  */s/ Alexis Karle*
79 Thompson Street

Springfield, Ma 01109

413-693-4890

## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF MASSACHUSETTS
Plaintiffs, Alexis Karle states as follows:

I am the Plaintiff in this civil proceeding.

I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or law.

I believe that this civil complaint is not interposed for any improper purpose, such as to harass defendants or cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in this Complaint. We have filed this complaint in good faith and solely for the purposes set forth in it. Each and every exhibit which has been attached to this complaint is true and correct copy of the original.

Except for clearly indicated redactions made by me where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I the plaintiff, Alexis Karle hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct

Alexis Karle
*Alexis Karle* (signature)

DATE: April 29, 2014