## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

ALEXIS KARLE,

             Plaintiff,

      v.

SOUTHWEST CREDIT SYSTEMS;
NORTHEAST UTILITIES SERVICE;
DECA FINANCIAL SERVICES; EOS CCA;
and CREDIT ACCEPTANCE ,

          Defendants.

Civil Action No. 3:14-cv-30058-MAP

## ANSWER OF CREDIT ACCEPTANCE TO
## PLAINTIFF'S FIRST AMENDED COMPLAINT

In answer to the First Amended Complaint ("Complaint") of plaintiff, ALEXIS KARLE ("Plaintiff"), defendant CREDIT ACCEPTANCE CORPORATION ("Credit Acceptance") hereby admits, denies, and affirmatively alleges as follows with regard to the various allegations in the Complaint:

### PARTIES

1.      Answering Paragraph 1 of the Complaint, Credit Acceptance is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1, and on that basis denies the allegations.

2.      Answering Paragraph 2 of the Complaint, Credit Acceptance is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2, and on that basis denies the allegations.

3.      Answering Paragraph 3 of the Complaint, Credit Acceptance is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3, and on that basis denies the allegations.

4.      Answering Paragraph 4 of the Complaint, Credit Acceptance is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4, and on that basis denies the allegations.

5.      Answering Paragraph 5 of the Complaint, Credit Acceptance is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5, and on that basis denies the allegations.

6.      Answering Paragraph 6 of the Complaint, Credit Acceptance admits its corporate address is located at 25505 West 12 Mile Road, Suite 3000, Southfield, MI  48034. Defendant admits that a portion of its business includes collection on its accounts.  Defendant denies the remaining allegations of paragraph 6 of the Complaint, and specifically denies that it is a "third party debt collector" or a "debt collector," as that term is defined under the Fair Debt Collections Practices Act ("FDCPA").

## JURISDICTION

7.      Answering Paragraph 7 of the Complaint, Credit Acceptance admits that this court has federal question jurisdiction pursuant to 15 U.S.C. §1692 (Fair Debt Collections Practices Act) and 15 U.S.C. §1681(p) (Fair Credit Reporting Act).  Credit Acceptance denies that the court has jurisdiction pursuant to 28 U.S.C. §1332, as the Complaint does not allege diversity of citizenship between the parties.

8.      Answering Paragraph 8 of the Complaint, Credit Acceptance admits that it transacts business in Massachusetts.  Credit Acceptance is without sufficient knowledge or

information to form a belief as to the truth of the remaining allegations contained in Paragraph 8, and on that basis denies the allegations.

9.      Answering Paragraph 9 of the Complaint, Credit Acceptance admits that venue is proper pursuant to 28 U.S.C. § 1391(b) .   Credit Acceptance admits that it transacts business in Massachusetts.  This paragraph also contains legal conclusions that do not require a response.  Credit Acceptance is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 9, and on that basis denies the allegations.

10.      Answering Paragraph 10 of the Complaint, Credit Acceptance admits that this court has federal question jurisdiction.  Credit Acceptance admits that it transacts business in this district.  Credit Acceptance denies each of the remaining allegations of paragraph 10.

## FACTS

11.      Answering Paragraph 11 of the Complaint, Credit Acceptance denies each and every allegation alleged in Paragraph 11.   Credit Acceptance specifically denies that it committed any violations in any amount.

12.      Answering Paragraph 12 of the Complaint, Credit Acceptance denies each and every allegation alleged in Paragraph 12.

13.      Answering Paragraph 13 of the Complaint, Credit Acceptance denies each and every allegation alleged in Paragraph 13.  Credit Acceptance specifically denies that it is a "third party debt collector" or a "debt collector," as that term is defined under the FDCPA. This paragraph also contains legal conclusions that do not require a response.

14.      Answering Paragraph 14 of the Complaint, Credit Acceptance denies each and every allegation alleged in Paragraph 14.

15.     Answering Paragraph 15 of the Complaint, Credit Acceptance denies each and every allegation alleged in Paragraph 15.  Credit Acceptance specifically denies that any calls it placed were made using a device that meets the statutory definition of an ATDS.

16.     Answering Paragraph 16 of the Complaint, Credit Acceptance is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16, and on that basis denies the allegations.

17.     Answering Paragraph 17 of the Complaint, Credit Acceptance is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 17, and on that basis denies the allegations.  This paragraph also asserts one or more legal conclusions that do not require a response.  The text of the Federal Debt Collection Practices Act (FDCPA) and other Federal and State laws speaks for itself.  Furthermore, Credit Acceptance specifically denies that it is a "third party debt collector" or a "debt collector," as that term is defined under the FDCPA.

18.     Answering Paragraph 18 of the Complaint, Credit Acceptance is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18, and on that basis denies the allegations.  This paragraph also asserts one or more legal conclusions that do not require a response.  The text of the statutes referenced speaks for itself.  Furthermore, Credit Acceptance specifically denies that it is a "third party debt collector" or a "debt collector," as that term is defined under the FDCPA.

19.     Answering Paragraph 19 of the Complaint, Credit Acceptance is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19, and on that basis denies the allegations.

20.     Answering Paragraph 20 of the Complaint, Credit Acceptance is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20, and on that basis denies the allegations.  This paragraph also asserts one or more legal conclusions that do not require a response.  The text of the statutes referenced speaks for itself.  Furthermore, Credit Acceptance specifically denies that it is a "third party debt collector" or a "debt collector," as that term is defined under the FDCPA.

21.     Answering Paragraph 21 of the Complaint, Credit Acceptance denies that it placed calls to any number associated with the Plaintiff and further denies that any calls it placed were made using a device that meets the statutory definition of an ATDS.  Credit Acceptance denies every remaining allegation of Paragraph 21, and each of them.

22.     Answering Paragraph 22 of the Complaint, Credit Acceptance denies that it placed calls to any number associated with the Plaintiff and further denies that any calls it placed were made using a device that meets the statutory definition of an ATDS.  Credit Acceptance admits that it placed calls to Mr. Santiago.  Except as expressly admitted, Credit Acceptance denies every remaining allegation of Paragraph 22, and each of them.

23.     Answering Paragraph 23 of the Complaint, Credit Acceptance is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 23, and on that basis denies the allegations.  Credit Acceptance denies, however, that "prior express *written* consent" is required.

24.     Answering Paragraph 24 of the Complaint, Credit Acceptance alleges that this paragraph contains one or more legal conclusions that do not require a response.  The text of the statute referenced speaks for itself.  To the extent that a response is required, Credit

Acceptance denies the allegations of paragraph 24, and each of them.  Credit Acceptance denies that "prior express *written* consent" is required.

25.   Answering Paragraph 25 of the Complaint, Credit Acceptance is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 25, and on that basis denies the allegations.  Credit Acceptance further denies that any calls it placed were made using a device that meets the statutory definition of an ATDS.

26.   Answering Paragraph 26 of the Complaint, Credit Acceptance is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 26, and on that basis denies the allegations.

27.   Answering Paragraph 27 of the Complaint, Credit Acceptance is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 26, and on that basis denies the allegations.

28.   Answering Paragraph 28 of the Complaint, the allegations in Paragraph 28 are not specifically directed at Defendant Credit Acceptance, and thus, no response is required.  To the extent a response is required, Credit Acceptance is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 28, and on that basis denies the allegations.  Furthermore, this paragraph also asserts one or more legal conclusions that do not require a response.

29 [*sic* 10].   Answering Paragraph 29 of the Complaint, Credit Acceptance alleges that this paragraph asserts one or more legal conclusions that do not require a response.  The text of the statute referenced speaks for itself.  To the extent Paragraph 29 contains any factual allegations, Credit Acceptance denies these allegations.

30.     Answering Paragraph 30 of the Complaint, Credit Acceptance alleges that this paragraph asserts one or more legal conclusions that do not require a response.  The text of the statute referenced speaks for itself.   To the extent Paragraph 30 contains any factual allegations, Credit Acceptance denies the allegations.

31.     Answering Paragraph 31 of the Complaint, Credit Acceptance alleges that this paragraph asserts one or more legal conclusions that do not require a response.  The text of the statute referenced speaks for itself.   To the extent Paragraph 31 contains any factual allegations, Credit Acceptance denies the allegations.

32.     Answering Paragraph 32 of the Complaint, the allegations in Paragraph 32 are not directed at Defendant Credit Acceptance, and thus, no response is required.

33.     Answering Paragraph 33 of the Complaint, Credit Acceptance denies each and every allegation alleged in Paragraph 33.  Credit Acceptance specifically denies that it acquired plaintiff's credit report.

34.     Answering Paragraph 34 of the Complaint, Credit Acceptance alleges that Paragraph 34 quotes statutory language and asserts one or more legal conclusions that do not require a response.  The text of the statute referenced speaks for itself.

35.     Answering Paragraph 35 of the Complaint, Credit Acceptance alleges that Paragraph 35 quotes statutory language and asserts one or more legal conclusions that do not require a response.  The text of the statute referenced speaks for itself.

36.     Answering Paragraph 36 of the Complaint, Credit Acceptance alleges that Paragraph 36 quotes statutory language and asserts one or more legal conclusions that do not require a response.  The text of the statute referenced speaks for itself.  As to the remaining allegations in Paragraph 36, Credit Acceptance denies the remaining allegations of Paragraph

36, and each of them. Credit Acceptance specifically denies that it acquired plaintiff's credit report.

37.     Answering Paragraph 37, of the Complaint, the allegations in Paragraph 37 are not directed at Defendant Credit Acceptance, and thus, no response is required.

38.     Answering Paragraph 38, of the Complaint, the allegations in Paragraph 38 are not directed at Defendant Credit Acceptance, and thus, no response is required.

39.     Answering Paragraph 39, of the Complaint, the allegations in Paragraph 39 are not directed at Defendant Credit Acceptance, and thus, no response is required.

40.     Answering Paragraph 40, of the Complaint, the allegations in Paragraph 40 are not directed at Defendant Credit Acceptance, and thus, no response is required.

41.     Answering Paragraph 41, Credit Acceptance denies that it obtained Plaintiff's credit report on any occasion and denies each and every allegation alleged in Paragraph 41. Moreover, Plaintiff purports to attach "exhibit 1" evidencing these "credit report pulls," but there are no exhibits attached to the Complaint.

42.     Answering Paragraph 42, of the Complaint, the allegations in Paragraph 42 are not directed at Defendant Credit Acceptance, and thus, no response is required. Furthermore, this paragraph also asserts one or more legal conclusions that do not require a response. To the extent a response is required, Credit Acceptance specifically denies any violation of the FCRA.

43.     Answering Paragraph 43, of the Complaint, the allegations in Paragraph 43 are not directed at Defendant Credit Acceptance, and thus, no response is required. Furthermore, this paragraph also asserts one or more legal conclusions that do not require a response. To

the extent a response is required, Credit Acceptance specifically denies any violation of the statutes referenced in Paragraph 43.

44.     Answering Paragraph 44 of the Complaint, Credit Acceptance alleges that Paragraph 44 asserts one or more legal conclusions that do not require a response.  To the extent a response is required, Credit Acceptance denies the remaining allegations of Paragraph 44, and each of them.  Credit Acceptance specifically denies any violation of the statutes referenced in this paragraph.

45.     Answering Paragraph 45 of the Complaint, Credit Acceptance is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 45, and on that basis denies the allegations.  Credit Acceptance denies that "prior express *written* consent" is required.

46.     Answering Paragraph 46 of the Complaint, Credit Acceptance is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 46, and on that basis denies the allegations.  Credit Acceptance further denies that any calls it placed were made using a device that meets the statutory definition of an ATDS.  Credit Acceptance denies that "prior express *written* consent" is required.

47.     Answering Paragraph 47 of the Complaint, Credit Acceptance is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 47, and on that basis denies the allegations.  Moreover, there is only one Plaintiff, yet the Complaint confusingly references two Plaintiffs.

48.     Answering Paragraph 48 of the Complaint, Credit Acceptance is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 48, and on that basis denies the allegations, and each of them.

49.     Answering Paragraph 49 of the Complaint, Credit Acceptance denies that it placed calls to any number associated with the Plaintiff.   Credit Acceptance admits that it placed calls to Mr. Santiago.   Except as expressly admitted, Credit Acceptance denies every remaining allegation of Paragraph 49, and each of them.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. §227(b)(3)(B) SOUTH, EOS & CREDIT ACCEPTANCE

35.[1]     Answering Paragraph 35 [*sic*] of the Complaint, Credit Acceptance incorporates by reference its responses to the prior paragraphs as fully as though herein set forth.

36.     Answering Paragraph 36 [*sic*] of the Complaint, Credit Acceptance denies each and every allegation alleged in Paragraph 36.   Credit Acceptances alleges that this paragraph asserts one or more legal conclusions that do not require a response.   To the extent Paragraph 36 contains any factual allegations, Credit Acceptance denies the allegations.   Credit Acceptance further denies that any calls it placed were made using a device that meets the statutory definition of an ATDS.

37.     Answering Paragraph 37 [*sic*] of the Complaint, Credit Acceptance is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 37, and on that basis denies the allegations.   Credit Acceptance denies, however, that "prior express *written* consent" is required. Credit Acceptances alleges that this paragraph asserts one or more legal conclusions that do not require a response.   Credit Acceptance

---

[1] Plaintiff erroneously jumps from #49 to #35 in numbering the Complaint.  Defendant Credit Acceptance has adopted Plaintiff's numbering sequence for purposes of conformity.

further denies that any calls it placed were made using a device that meets the statutory definition of an ATDS.

38.     Answering Paragraph 38 [*sic*] of the Complaint, Credit Acceptance denies each and every allegation alleged in Paragraph 38.  Credit Acceptances alleges that this paragraph asserts one or more legal conclusions that do not require a response.  To the extent Paragraph 38 contains any factual allegations, Credit Acceptance denies the allegations.

39.     Answering Paragraph 39 [*sic*] of the Complaint, Credit Acceptance denies each and every allegation alleged in 39.  Credit Acceptances alleges that this paragraph asserts one or more legal conclusions that do not require a response.  To the extent Paragraph 39 contains any factual allegations, Credit Acceptance denies the allegations.

40.     Answering Paragraph 40 [*sic*] of the Complaint, Credit Acceptance denies each and every allegation alleged in Paragraph 40.  Credit Acceptances alleges that this paragraph asserts one or more legal conclusions that do not require a response.  To the extent Paragraph 40 contains any factual allegations, Credit Acceptance denies the allegations.

41.     Answering Paragraph 41 [*sic*] of the Complaint, Credit Acceptance alleges that Paragraph 41 quotes statutory language from the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA"), which speaks for itself, thus no response is required.

42.     Answering Paragraph 42 [*sic*] of the Complaint, Credit Acceptance alleges that Paragraph 42 quotes statutory language from the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA"), which speaks for itself, thus no response is required.

43.     Answering Paragraph 43 [*sic*] of the Complaint, Credit Acceptance denies each and every allegation alleged in Paragraph 43.  Credit Acceptances alleges that this paragraph asserts one or more legal conclusions that do not require a response.  To the extent Paragraph

43 contains any factual allegations, Credit Acceptance denies the allegations. Credit Acceptance specifically denies that any calls it placed were made using a device that meets the statutory definition of an ATDS.

WHEREFORE, Credit Acceptance prays that judgment be entered against Plaintiff and for Defendant Credit Acceptance.

**COUNT II**

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. §227(c)(5) DEFENDANT EOS, SOUTH & CREDIT ACCEPTANCE**

44.     Answering Paragraph 44 [*sic*] of the Complaint, Credit Acceptance incorporates by reference its responses to the prior paragraphs as fully as though herein set forth.

45.     Answering Paragraph 45 [*sic*] of the Complaint, Credit Acceptance denies each and every allegation alleged in Paragraph 45.

46.     Answering Paragraph 46 [*sic*] of the Complaint, Credit Acceptance responds that the allegations of this paragraph are confusing and unintelligible in that the Complaint uses the pronoun "him," yet the Plaintiff is a female. Nonetheless, Credit Acceptance denies each and every allegation alleged in Paragraph 46.

47.     Answering Paragraph 47 [*sic*] of the Complaint, Credit Acceptance is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 47, and on that basis denies the allegations.

48.     Answering Paragraph 48 [*sic*] of the Complaint, Credit Acceptance is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 48, and on that basis denies the allegations.

49.     Answering Paragraph 49 [*sic*] of the Complaint, Credit Acceptance is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 49, and on that basis denies the allegations.

50.     Answering Paragraph 50 [*sic*] of the Complaint, Credit Acceptance denies each and every allegation alleged in Paragraph 50.

51.     Answering Paragraph 51 [*sic*] of the Complaint, Credit Acceptance is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 51, and on that basis denies the allegations.

52.     Answering Paragraph 52 [*sic*] of the Complaint, Credit Acceptance is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 52, and on that basis denies the allegations.

53.     Answering Paragraph 53 [*sic*] of the Complaint, Credit Acceptance denies each and every allegation alleged in Paragraph 53.  Credit Acceptances alleges that this paragraph asserts one or more legal conclusions that do not require a response.

54.     Answering Paragraph 54 [*sic*] of the Complaint, Credit Acceptance denies each and every allegation alleged in Paragraph 54.  Credit Acceptances alleges that this paragraph asserts one or more legal conclusions that do not require a response.

WHEREFORE, Credit Acceptance prays that judgment be entered against Plaintiff and for Defendant Credit Acceptance.

## COUNT III

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANT SOUTH, EOS, CREDIT

55.[2]    Answering Paragraph 55 [*sic*] of the Complaint, Credit Acceptance incorporates by reference its responses to the prior paragraphs as fully as though herein set forth.

61.    Answering Paragraph 61 [*sic*], Credit Acceptance denies each and every allegation alleged in Paragraph 61.  Credit Acceptances further responds that this paragraph asserts one or more legal conclusions that do not require a response.  The statute referenced speaks for itself.

62.    Answering Paragraph 62 [*sic*] of the Complaint, Credit Acceptance denies each and every allegation alleged in Paragraph 62.  Credit Acceptances further responds that this paragraph asserts one or more legal conclusions that do not require a response.  The statute referenced speaks for itself.  Moreover, Credit Acceptance specifically denies that it is a "third party debt collector" or a "debt collector," as that term is defined under the FDCPA.

63.    Answering Paragraph 63 [sic], Credit Acceptances responds that this paragraph asserts one or more legal conclusions that do not require a response.  The statute referenced speaks for itself.  To the extent Paragraph 63 contains any factual allegations against it, Credit Acceptance is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 63.  Credit Acceptance further denies any wrongdoing whatsoever, and denies that Plaintiff is entitled to any relief.

64.    Answering Paragraph 64 [*sic*] of the Complaint, Credit Acceptance denies each and every allegation alleged in Paragraph 64.  Credit Acceptances alleges that this paragraph asserts one or more legal conclusions that do not require a response.  The statute referenced

---

[2] Plaintiff again erroneously jumps from #55 to #61 in numbering the Complaint. Defendant Credit Acceptance has adopted Plaintiff's numbering sequence for purposes of conformity.

speaks for itself.   To the extent Paragraph 64 contains any factual allegations, Credit Acceptance denies the allegations.   Credit Acceptance specifically denies that it is a "third party debt collector" or a "debt collector," as that term is defined under the FDCPA.   Credit Acceptance further denies any wrongdoing whatsoever, and denies that Plaintiff is entitled to any relief.

65.   Answering Paragraph 65 [*sic*] of the Complaint, Credit Acceptance denies each and every allegation alleged in Paragraph 65.   Credit Acceptances alleges that this paragraph asserts one or more legal conclusions that do not require a response.   The statute referenced speaks for itself.   Credit Acceptance denies that it committed any violations of the FDCPA. To the extent Paragraph 65 contains any factual allegations, Credit Acceptance denies the allegations.

66.   Answering Paragraph 66 [*sic*] of the Complaint, Credit Acceptance denies that it committed any violations of the FDCPA.   Credit Acceptances alleges that this paragraph asserts one or more legal conclusions that do not require a response.   The statute referenced speaks for itself.   Moreover, Credit Acceptance specifically denies that it is a "third party debt collector" or a "debt collector," as that term is defined under the FDCPA.

WHEREFORE, Credit Acceptance prays that judgment be entered against Plaintiff and for Defendant Credit Acceptance.

## COUNT IV

## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA) 15 U.S.C. §1681 BY DEFENDANTS SOUTH, CREDIT, NORTH, DECA, EOS

67.   Answering Paragraph 67 [*sic*] of the Complaint, Credit Acceptance incorporates by reference its responses to the prior paragraphs as fully as though herein set forth.

68.     Answering Paragraph 68 [*sic*], Credit Acceptance denies each and every allegation alleged in Paragraph 68.  Credit Acceptances further responds that this paragraph asserts one or more legal conclusions that do not require a response.  The statute referenced speaks for itself.  To the extent Paragraph 68 contains any factual allegations, Credit Acceptance denies the allegations.

69.     Answering Paragraph 69 [*sic*], Credit Acceptance denies each and every allegation alleged in Paragraph 69.  Credit Acceptances further responds that this paragraph asserts one or more legal conclusions that do not require a response.  The statute referenced speaks for itself.  To the extent Paragraph 69 contains any factual allegations, Credit Acceptance denies the allegations.

70.     Answering Paragraph 70 [*sic*], Credit Acceptance denies each and every allegation alleged in Paragraph 70.  Credit Acceptances further responds that this paragraph asserts one or more legal conclusions that do not require a response.  To the extent Paragraph 70 contains any factual allegations, Credit Acceptance denies the allegations.  Moreover, Defendant specifically denies that it obtained Plaintiff's credit report or otherwise committed any violation of the FCRA.

71.     Answering Paragraph 71 [*sic*], Credit Acceptance denies each and every allegation alleged in Paragraph 71.  Credit Acceptances further responds that this paragraph asserts one or more legal conclusions that do not require a response.  The statute referenced speaks for itself.  Moreover, Defendant specifically denies that it obtained Plaintiff's credit report or otherwise committed any violation of the FCRA.

72.     Answering Paragraph 72 [*sic*], Credit Acceptance denies each and every allegation alleged in Paragraph 72.

73.     Answering Paragraph 73 [*sic*], Credit Acceptance denies each and every allegation alleged in Paragraph 73.  Credit Acceptances further responds that this paragraph asserts one or more legal conclusions that do not require a response.  The statute referenced speaks for itself.  To the extent Paragraph 73 contains any factual allegations, Credit Acceptance denies the allegations.  Moreover, Defendant specifically denies that it obtained Plaintiff's credit report, committed any violation of the FCRA, or violated Plaintiff's right to privacy.

WHEREFORE, Credit Acceptance prays that judgment be entered against Plaintiff and for Defendant Credit Acceptance.

## PLAINTIFF'S PRAYER FOR RELIEF

Answering these unnumbered paragraphs of the Complaint, Credit Acceptance denies each and every allegation set forth therein.  Credit Acceptance further denies any wrongdoing whatsoever, and denies that Plaintiff is entitled to any relief.

## CREDIT ACCEPTANCE'S AFFIRMATIVE DEFENSES

WHEREFORE, Credit Acceptance asserts the following affirmative defenses:

1.     Plaintiff lacks standing to sue Credit Acceptance.  Plaintiff was not the "called party," as Credit Acceptance never attempted to reach the Plaintiff in calling the number at issue.

2.     Plaintiff's Complaint fails to state a claim upon which relief may be granted.

3.     The imposition of statutory damages under the TCPA, pursuant to 47 U.S.C. §227, et seq., against Credit Acceptance would violate the Due Process provision of the United States Constitution and/or the Massachusetts State Constitution.

4.     The award of statutory penalties against Credit Acceptance would violate the

prohibition against excessive fines of the United States Constitution.

5.     Applicable statutes of limitations, including, without limitation, 28 U.S.C. §1658, bar the claims of Plaintiff.

6.     Any and all activities of Credit Acceptance alleged in the Complaint were conducted with the consent, express and implied, of other parties, persons and entities, including parties to this action, and Credit Acceptance is therefore free from actionable fault. As the "called party" for consent purposes must mean the person Credit Acceptance was attempting to dial, the consent of Credit Acceptance's accountholder operates as complete defense to a TCPA claim filed by an unintended recipient, at least until the time that Credit Acceptance is advised that the number has changed hands.

7.     Plaintiff's Complaint and each claim for relief therein is barred because Credit Acceptance's conduct is and was privileged or justified, and Credit Acceptance acted without any malice.

8.     Plaintiff's claims are barred in whole or in part as a result of her failure to mitigate her alleged damages, if any, and any recovery should be reduced in proportion to Plaintiff's said failure to mitigate her damages.

9.     Credit Acceptance's liability in this action, if any, is limited pursuant to all applicable contracts, covenants, conditions, restrictions, and bylaws operating as between the parties and/or with the third-parties Credit Acceptance was attempting to reach.

10.     Credit Acceptance's acts are protected from liability, if any, for violating the TCPA, pursuant to 47 U.S.C. §227, et seq., FDCPA, pursuant to 15 U.S.C. §1692, or FCRA, pursuant to 15 U.S.C. §1681 because Credit Acceptance's violations, if any, were unintentional and resulted despite the maintenance of procedures reasonably adapted to avoid

any such violations.

11.     Credit Acceptance's compliance with the statutes, rules and regulations which govern the subject matter of this lawsuit precludes its liability to Plaintiff.

12.     To the extent there was any violation of the TCPA, FDCPA, or FCRA, which Credit Acceptance denies, Credit Acceptance shall only be liable for nor more than a $1,000.00 penalty as Plaintiff has not sustained any actual damages.

13.     To the extent there was any violation of the TCPA, FDCPA, or FCRA, which Credit Acceptance denies, Credit Acceptance is informed and believes that it took the steps necessary to correct the purported violation and, accordingly, Credit Acceptance is not liable for any such violation.

14.     To the extent there was any violation of the TCPA or FDCPA, which Credit Acceptance denies, Credit Acceptance is not liable for any such violation because the phone number purportedly ascribed to Plaintiff is in fact a landline, and not a cell number, and therefore is exempted from TCPA liability pursuant to 42 U.S.C. §227(b)(1)(B).

15.     To the extent there was any violation of the TCPA, which Credit Acceptance denies, Credit Acceptance is not liable for any such violation because Credit Acceptance established and implemented, with due care, reasonable practices and procedures to effectively prevent violations of the TCPA.

16.     Credit Acceptance's acts are protected from liability, if any, for violating the FDCPA, pursuant to 15 U.S.C. §1692, as it is not a "third party debt collector" or a "debt collector" as that term is defined under the FDCPA.

17.     Credit Acceptance is without sufficient knowledge or information to form a belief as to whether it may have additional, but as yet unstated, affirmative defenses available

to it, and accordingly, Credit Acceptance reserves the right to assert additional defenses in the event discovery indicates that the same would be appropriate under any law, including but not limited to federal, maritime, and/or territorial law.

## CREDIT ACCEPTANCE'S PRAYER FOR RELIEF

WHEREFORE, Credit Acceptance prays for relief as follows:

1.     That judgment be rendered in favor of Credit Acceptance and against Plaintiff;

2.     That Plaintiff takes nothing by reason of the Complaint;

3.     That the Complaint be dismissed with prejudice as to Credit Acceptance;

4.     That Credit Acceptance be awarded its costs of suit and reasonable attorneys' fees incurred in defense of this action to the fullest extent allowed by law and;

5.     For such other relief as the Court deems just and proper.


Credit Acceptance Corporation,
By its attorneys,


 /s/ Timothy R. DeMarco
Jeffrey S. Patterson (BBO# 671383)
jeffrey.patterson@nelsonmullins.com
Timothy R. DeMarco (BBO# 685808)
tim.demarco@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Post Office Square, 30th Floor
Boston, Massachusetts 02109
p.   (617) 573-4700
f.   (617) 573-4710

Date: May 13, 2014

<u>CERTIFICATE OF SERVICE</u>

      I, Timothy R. DeMarco, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: May 13, 2014          /s/ *Timothy R. DeMarco*
                          Timothy R. DeMarco