IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXIS KARLE, | Civil Action No. 3:14-CV-30058-MGM |
| Plaintiff. | |
| v. | |
| SOUTHWEST CREDIT SYSTEMS, et al. | |
| Defendants. | |

### OBJECTION TO PLAINTIFF'S MOTION TO COMPEL BY DEFENDANT NORTHEAST UTILITES SERVICE COMPANY

On October 24, 2014, Plaintiff filed a document entitled "Plaintiffs' Motion to Compel Production of Documents or, in the Alternative, for an In Camera Inspection of Documents." The document is identified s Document 62 in the electronic filing system maintained by the Clerk of this Court (the "Motion").  Defendant Northeast Utilities Service Company (hereinafter "Defendant" or "NUSCO") objects to this motion in its entirety.

Plaintiff's *pro se* status does not excuse the false allegations made in the Motion. It is beyond reason that Plaintiff brings a motion to compel discovery responses attaching the very responses that were allegedly not produced.  As the attachments to the Motion show, NUSCO delivered the discovery responses on September 17, 2014.  The Motion was made more than a month later, on October 24, 2014.  Plaintiff made no

1

communication to the undersigned that the NUSCO responses were incomplete. Plaintiff misrepresents that she made any attempt to discuss the material in the Motion with the undersigned, other than to leave a telephone message on the very afternoon the Motion was filed. Perhaps she is confusing the lawyers appearing in this matter.

Plaintiff's discussion of a "Confidentiality Order" is a puzzle. NUSCO has protected Plaintiff's personally identifiable information even when she has not. It remains unclear to NUSCO what information she seeks to keep confidential. She has now taken her personally identifiable information provided in discovery and made it public information.

NUSCO's assertion of the attorney client privilege and work client privilege is to protect communications with the undersigned subsequent to institution of the instant law suit. The lawsuit as against NUSCO is meritless, as NUSCO's Motion for Summary Judgment and accompanying documents (Doc ID #54-56) explain. On November 4, 2014, Plaintiff propounded a second set of Discovery Requests that are substantially the same as the initial requests. Plaintiff is hoping for different answers to the same questions, but the answers will not be different. No amount of discovery from NUSCO will change Plaintiff's unsubstantiated and erroneous belief about what occurred on the day she ordered electric service, February 18, 2014. Further harassment of NUSCO as a result of this law suit is inappropriate and should not be allowed.

WHEREEFORE, for the reasons set forth above, Defendant NUSCO respectfully requests that the Plaintiffs' Motion to Compel Production of Documents or, in the Alternative, for an In Camera Inspection of Documents be denied in its entirety as to NUSCO, and for other such and further relief as this Court deems appropriate.

Dated:  November 7, 2014

                              Respectfully submitted,

                              NORTHEAST UTILITES SERVICE COMPANY

                              By its attorneys,

                              */s/ Honor S. Heath*
                              Honor S. Heath (BBO#677537)
                              Northeast Utilities Service Company
                              Legal Department
                              107 Selden Street
                              Berlin, CT  06037
                              Phone: (860) 665-4865
                              Fax: (860)665-5504
                              honor.heath@nu.com

**CERTIFICATE OF SERVICE**

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the *pro se* plaintiff, Akarle92081@gmail.com, and all registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on November 7, 2014.

                                                  */s/ Honor S. Heath*
                                                  Honor S. Heath