# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXIS KARLE, | |
| Plaintiff, | |
| v. | Civil Action No. 3:14-cv-30058-MGM |
| SOUTHWEST CREDIT SYSTEMS; NORTHEAST UTILITIES SERVICE; DECA FINANCIAL SERVICES; EOS CCA; and CREDIT ACCEPTANCE CORPORATION, | |
| Defendants. | |

## DEFENDANT CREDIT ACCEPTANCE CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Defendant Credit Acceptance Corporation ("Credit Acceptance") hereby submits its opposition to the motion to compel filed by Plaintiff Alexis Karle ("Plaintiff"). As set forth in more detail herein, Plaintiff's motion to compel should be denied because it is both procedurally and substantively deficient.

## PROCEDURAL HISTORY

On or about August 4, 2014, Plaintiff served her First Request for Production of Documents, First Set of Interrogatories and First Requests for Admissions on Credit Acceptance. On or about September 3, 2014, Credit Acceptance served its responses to Plaintiff's discovery requests. On or about October 17, 2014, Credit Acceptance filed a motion for summary judgment on all of Plaintiff's claims on the grounds that no material facts remain in dispute and Plaintiff's claims fail as a matter of law. Subsequently, without any prior discussion, Plaintiff circulated a draft confidentiality agreement to all defendants without

providing any reason as to why the Parties should execute a confidentiality agreement. Then, on or about October 24, 2014, Plaintiff filed a motion to compel the production of documents against Credit Acceptance and co-defendant Northeast Utilities Service.

ARGUMENT

**A.      Plaintiff's Motion Should Be Denied Because It Does Not Contain A Local Rule 7.1 Certification, Nor Has Plaintiff Requested Such A Conference.**

Pursuant to Local Rule 7.1, "[n]o motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." See Hasbro, Inc. v. Serafino, 168 F.R.D. 99, 101 (D. Mass. 1996) (Denying motion to compel for failure to comply with Local Rule 7.1)   Here, Plaintiff's motion is devoid of any such certification and the motion to compel should be denied on that ground.   Additionally, Plaintiff never requested, nor did the Parties partake, in any meet and confer regarding any of the defendants' discovery responses.   Plaintiff's attempt to use the circulation of a draft confidentiality order as grounds for the meet and confer requirement is without merit.   As of the date of the filing of this opposition, Plaintiff has not articulated to the undersigned counsel one specific discovery request that Plaintiff contends is deficient.   Accordingly, it is impossible for Credit Acceptance to know what responses Plaintiff seeks additional or supplemental responses and therefore, Plaintiff's motion to compel should be denied.

**B.      Plaintiff's Motion Should Be Denied Because It Does Not Contain A Local Rule 37.1 Certification, Nor Has Plaintiff Requested Such A Conference.**

Pursuant to Local Rule 37.1(B), a party moving to compel discovery responses shall "include a certificate in the margin of the last page that the provisions of this rule have been complied with."   Additionally, the memorandum in support of a motion to compel shall contain, with particularity, if a discovery conference was held or the reasons why a conference

was not held; the nature of the case and facts relevant to the discovery matters to be decided; each interrogatory, deposition question, request for production, request for admission, or other discovery matter raising an issue to be decided by the Court; a statement containing the moving party's position as to each contested issue, with supporting legal authority, which statement shall be set forth separately and immediately following each contested item.  See Local Rule 37.1.

Here, Plaintiff has failed to comply with all provisions of Local Rule 37.1.  Plaintiff neither requested a discovery conference to discuss alleged deficiencies in Credit Acceptance's discovery responses, nor has she specifically set forth each discovery request to which she contends there remains a discovery issue.  Failure to comply with Local Rule 37.1 "is not merely a technical issue, the Court requires the interrogatories and/or requests, the answers thereto ... in the memorandum as set forth in the Local Rule, in order to accurately frame the issues." Amorim Holding Financeira S.G.P.S., S.A. v. C.P. Baker & Co., 2011 U.S. Dist. LEXIS 134877, *3 (D. Mass 2011).   In her motion, Plaintiff fails to articulate a single discovery request that she contends was not adequately responded to by Credit Acceptance and further fails to include the Local Rule 37.1 Certification.  These failures "make[] it difficult, if not impossible, for the Court to rule at this time on the substance of the motion to compel, however, meritorious." Serafino at 101.  Accordingly, because Plaintiff has failed to comply with the provisions of Local Rule 37.1, this Court should deny Plaintiff's motion to compel.

**C.    Plaintiff's Motion to Compel Should Be Denied Because Credit Acceptance's Responses and Objections to Plaintiff's Discovery Requests Are Proper.**

Even assuming *arguendo* that Plaintiff complied with Local Rules 7.1 and 37.1 before filing her motion to compel, which she did not, Plaintiff's motion to compel should still be

denied because Credit Acceptance adequately responded to Plaintiff's discovery requests. While it is unclear what discovery requests Plaintiff seeks additional responses to, because she never requested a discovery conference or articulated the contested issues in her motion to compel, upon information and belief, Credit Acceptance assumes Plaintiff is seeking the production of documents, based upon the title of her motion.   In nearly every response to Plaintiff's First Request for Production of Documents, Credit Acceptance responds by stating that no responsive documents are believed to exist.   Furthermore, it is virtually impossible to identify the documents Plaintiff seeks without a proper meet and confer conference, as required by Local Rule 7.1.   Moreover, there are confidentiality and proprietary issues that would also need to be addressed through a proper meet and confer conference and counsel for Credit Acceptance has reached out to Plaintiff in this regard, yet this motion was prematurely filed. Accordingly, because Credit Acceptance adequately responded to Plaintiff's discovery requests, and Plaintiff has not sought to meet and confer in good faith to narrow any alleged issues, this Court should deny Plaintiff's motion to compel.

<u>CONCLUSION</u>

For the reasons set forth herein, this Court should enter an order denying Plaintiff's Motion to Compel and for any other relief this Court finds just.

[Signature on Next Page]

Credit Acceptance Corporation,
By its attorneys,

 /s/ *Timothy R. DeMarco*
Jeffrey S. Patterson (BBO# 671383)
jeffrey.patterson@nelsonmullins.com
Timothy R. DeMarco (BBO# 685808)
tim.demarco@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Post Office Square, 30th Floor
Boston, Massachusetts 02109
p.  (617) 573-4700
Date: November 7, 2014                    f.  (617) 573-4710

## CERTIFICATE OF SERVICE

I, Timothy R. DeMarco, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: November 7, 2014                    /s/ *Timothy R. DeMarco*
                                           Timothy R. DeMarco