UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXIS KARLE,<br><br>              Plaintiff,<br><br>       v.<br><br>SOUTHWEST CREDIT SYSTEMS; NORTHEAST UTILITIES SERVICE; DECA FINANCIAL SERVICES; EOS CCA; and CREDIT ACCEPTANCE ,<br><br>              Defendants. | Civil Action No. 3:14-cv-30058-MGM |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

Defendant, Southwest Credit Systems ("SW Credit"), hereby opposes Plaintiff's Motion to Compel Production of Documents, and as grounds states as follows:

**I.    Introduction**

The underlying matter arises out of Plaintiff's claims under the Telephone Consumer Protection Act ("TCPA"), the Fair Debt Collection Practices Act ("FDCPA"), and the Fair Credit Reporting Act ("FCRA").  Plaintiff alleges that SW Credit called the Plaintiff's telephone number(s) using an Automated Telephone Dialing System ("ATDS") without permission to do so in violation of both the TCPA and FDCPA.  Furthermore, Plaintiff alleges that SW Credit violated the FCRA by obtaining a copy of her credit report without a permissible purpose for doing so.

Plaintiff served discovery requests on SW Credit, to which SW Credit timely responded. On August 4, 2014, Plaintiff served SW Credit with discovery requests in the form of Requests for Admissions, Requests for Production of Documents, and Interrogatories.  On September 3, 2014, SW Credit timely submitted its responses to Plaintiff's discovery requests.  Plaintiff now

moves to compel further responses to her discovery requests, but neglects to comply with the rules of civil procedure requiring her to identify those responses to which she is seeking further responses and information.  Furthermore, Plaintiff fails to provide any justification as to why SW Credit's responses are improper or why it should be compelled to provide further responses to her discovery requests.  Plaintiff's failure to both comply with the rules of civil procedure and proffer any grounds in support of her motion mandates denial of the motion as a matter of law[1].

## II.     Brief Statement of Facts

1.     Plaintiff filed her Complaint on March 28, 2014. (DE #1).  In her Complaint, Plaintiff asserts claims under the TCPA, FDCPA and FCRA. (*Id.*).

2.     On August 4, 2014, Plaintiff served SW Credit with discovery requests in the form of Requests for Admissions, Requests for Production of Documents, and Interrogatories. (Plaintiff's Discovery Requests attached as Exhibit A).

3.     On September 3, 2014, SW Credit timely submitted its responses to Plaintiff's discovery requests. (Defendant's Discovery Responses attached as Exhibit B).

4.     Approximately a month and a half later, on October 16, 2014, Plaintiff sent the undersigned an e-mail in which she threatened to file a motion to compel if SW Credit did not provide further responses to her requests within two days. (Correspondence attached as Exhibit C).

5.     The following day, the undersigned responded to Plaintiff's e-mail by asking her to identify those discovery responses with which she took issue.  Plaintiff responded as follows:

---

[1] Plaintiff also inexplicably requests that the Defendants execute a protective order.  A court may grant a protective order based upon a showing of good cause. *See* Fed. R. Civ. P. 26(c). *Bogan v. City of Boston*, 489 F. 3d 417, 423 (1st Cir. 2007).  To show good cause, the party seeking the order must show that protection from discovery is necessary to avoid "annoyance, embarrassment, oppression, or undue burden or expense." *Id*.  Plaintiff has not alleged good cause for the entry of a protective order, and her motion in this regard should be denied as well.

"any responses that were not answered that you stated was overbroad." (Correspondences attached as Exhibit D).

6. On October 24, 2014, Plaintiff filed a Motion to Compel. (DE #62). In her motion, Plaintiff fails to identify those requests to which she is seeking further responses, and further fails to provide any justification as to why SW Credit should be compelled to file further responses. (*Id.*, *generally*). Instead, Plaintiff only states: "[w]hy would a Defendant's council (sic) claim privilege while offering no documents or answers to plaintiff's discovery. The only logical reason is to delay discovery!"

### III. Legal Standard

LR, D. Mass. 37.1 sets forth the manner in which a party must file a motion to compel further discovery. *See* LR, D. Mass. 37.1. Specifically, LR, D. Mass. 37.1 requires the moving party to provide a memorandum in connection with the motion to compel which *shall* include the following information:

> (1) If a discovery conference was not held, the reasons why it was not;
>
> (2) If a discovery conference was held, the time, date, location and duration of the conference; who was present for each party; the matters on which the parties reached agreement; and the issues remaining to be decided by the court;
>
> (3) The nature of the case and the facts relevant to the discovery matters to be decided;
>
> (4) Each interrogatory, deposition question, request for production, request for admission or other discovery matter raising an issue to be decided by the court, and the response thereto; and
>
> (5) A statement of the moving party's position as to each contested issue, with supporting legal authority, which statement shall be set forth separately immediately following each contested item.

*See* LR, D. Mass. 37.1(b) (emphasis added). Compliance with Rule 37.1 is "not merely a technical issue." *Amorim Holding Financeira S.G.P.S. v. C.P. Baker & Co., Ltd.*, 2011 WL 5879433 at *1 (D. Mass. Nov. 22, 2011). Rather, "the Court requires the interrogatories and/or requests, the answers thereto, and, when appropriate, the evolution of the responses, in the memorandum as set forth in the Local Rule, in order to accurately frame the issues." *Id.* The failure to comply with LR, D. Mass. 37.1 is a "sufficient and just basis to deny the motion." *Ayanna v. Dechert, LLP*, 2011 WL 6370945 at *1 (D. Mass. Dec. 19, 2011); *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 102 (D. Mass. 1996) (denying motion to compel for failure to comply with Rule 37.1).

In a motion to compel, "the moving party bears the burden of showing why the other party's responses are inadequate or their objections unjustified." *Williams v. Cate*, 2011 WL 6217378 at *1 (E.D. Cal. Dec. 14, 2011). In that regard, Plaintiff "may not simply assert that he has served discovery responses, that he is dissatisfied, and that he wants an order compelling further responses." *Id.* "The proponent of a motion to compel discovery [also] bears the initial burden of proving that the information sought is relevant." *TG Plastics Trading, Co. v. Toray Plastics*, 2010 WL 936221 at *2 (D.R.I. Mar. 12, 2010).

IV. **Argument**

Here, Plaintiff's Motion is both technically and substantively deficient. Plaintiff has failed to comply with the provisions of Rule 37, and has further failed to proffer any justification as to why SW Credit's discovery responses are insufficient or why further responses are required.

Pursuant to LR, D. Mass. 37.1, Plaintiff is required to identify those specific discovery requests to which she is seeking further responses, and the legal authority upon which she bases her argument to compel further discovery. Compliance with this rule is not a technicality, but a mandatory legal requirement. Here, Plaintiff fails to identify those individual requests to which she is seeking further responses, and has thereby deprived SW Credit of the ability to

meaningfully respond to her motion. Plaintiff's utter failure to comply with the rule in this regard mandates dismissal of her motion. *See, Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 102 (D. Mass. 1996) (denying Plaintiff's motion to compel for failure to specifically identify those requests to which he was seeking further responses in compliance with Rule 37.1).

Notwithstanding its technical shortcomings, Plaintiff's motion is devoid of any argument which would otherwise justify compelling further discovery responses from SW Credit. Instead, Plaintiff baldly alleges that: "[w]hy would a Defendant's council (sic) claim privilege while offering no documents or answers to plaintiff's discovery. The only logical reason is to delay discovery!" Such a statement constitutes Plaintiff's unsubstantiated opinion regarding the discovery process, but in no way constitutes argument (or legal authority) to justify compelling further discovery responses from SW Credit. In short, Plaintiff fails to identify the discovery requests at issue, her objections to SW Credit's responses, the information or documentation she is seeking from SW Credit, how or why such information is relevant, or the grounds to justify compelling the production of such information or materials.

SW Credit's discovery responses and objections were proper as a matter of law, and Plaintiff has not presented any argument to the contrary. Therefore, absent even a modicum of factual information or legal authority to support her arguments, Plaintiff's Motion to Compel should be denied as a matter of law. *See, e.g.*, *Williams v. Cate*, 2011 WL 6217378 at *1 (E.D. Cal. Dec. 14, 2011) (Plaintiff "may not simply assert that he has served discovery responses, that he is dissatisfied, and that he wants an order compelling further responses."); *Gavin v. Liberty Mut. Group, Inc.*, 2012 WL 3192922 at *4 (D.N.H. Aug. 6, 2012) (Plaintiff "fails to explain how the information she seeks is relevant. That alone is reason enough to deny her motion to compel.").

34466581v1 0959075

## V.       Conclusion

Based upon the foregoing, SW Credit respectfully requests that Plaintiff's Motion to Compel be denied, along with such other relief as this Court deems proper.

|  | SOUTHWEST CREDIT SYSTEMS<br>By its attorneys,<br><br>*/s/ Andrew M. Schneiderman*<br>Ranen S. Schechner (BBO# 655641)<br>rschechner@hinshawlaw.com<br>Andrew M. Schneiderman (BBO# 666252)<br>aschneiderman@hinshawlaw.com<br>Hinshaw & Culbertson LLP<br>28 State Street, 24th Floor<br>Boston, MA 02109<br>617-213-7000<br>Fax: 617-213-7001 |
|---|---|

## CERTIFICATE OF SERVICE

I, Andrew M. Schneiderman, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).  A true and accurate copy of the foregoing document to counsel of record by first class mail, postage prepaid and electronic mail as follows:

Alexis Karle
79 Thompson Street
Springfield, MA 01109

                                                                */s/ Andrew M. Schneiderman*
                                                                Andrew M. Schneiderman