UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXIS KARLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 14-cv-30058-MGM |
| ) | |
| SOUTHWEST CREDIT SYSTEMS, ) | |
| NORTHEAST UTILITIES SERVICE, CO., ) | |
| DECA FINANCIAL SERVICES, LLC, ) | |
| EOS CCA, and CREDIT ACCEPTANCE, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO COMPEL
AND DEFENDANT SOUTHWEST CREDIT SYSTEMS' MOTION TO STRIKE
(Document Nos. 62 & 75)
January 16, 2015

ROBERTSON, U.S.M.J.

This case has been referred for the purposes of conducting pretrial case management and to issue report and recommendation(s) on certain dispositive motions. Currently pending before the court are the following motions: Defendant Northeast Utilities Service, Co. ("Northeast")'s Motion for Summary Judgment, Defendant Credit Acceptance's Motion for Summary Judgment, Alexis Karle ("Plaintiff")'s Motion to Compel Production of Documents or, in the Alternative, for an In Camera Inspection of Documents, and Defendant Southwest Credit Systems ("Southwest")'s Motion to Strike Plaintiff's Second Amended Complaint. Plaintiff is self-represented. For the reasons that follow, the court will deny Plaintiff's motion to compel and grant Southwest's Motion to Strike; the court, however, will defer ruling on Northeast and Credit

Acceptance's summary judgment motions until non-expert discovery has closed in this matter, as explained below.[1]

I.

The court first addresses Plaintiff's response to Northeast and Credit Acceptance's motions for summary judgment (Doc. No. 63). In her memorandum in opposition, Plaintiff has requested that this court deny the summary judgment motions as premature or, in the alternative, "continue" them so as to permit discovery. While not responding substantively to the two defendants' motions, Plaintiff states that her ability to oppose the motions could be "compromised" unless she is given an adequate opportunity for discovery, that she is in the middle of discovery and that she cannot, at this stage, adequately oppose the motions for summary judgment. Moreover, since filing this opposition, Plaintiff has filed notice with the court that she intends to depose a representative from Northeast and inspect Northeast's customer account system on January 23, 2015. In light of these representations, the court treats Plaintiff's memorandum in opposition as akin to a motion to deny the pending summary judgment motions as premature under Fed. R. Civ. P. 56(d).

It is not clear that Plaintiff can satisfy the Rule 56(d) standard - - particularly whether she can established a "plausible basis" to conclude that specified, material facts probably exist or how such facts would influence the outcome of summary judgment - - *see Pina v. Children's Place*, 740 F.3d 785, 794-95 (1st Cir. 2014). Nonetheless, given Plaintiff's status as a self-represented litigant, the court should allow for some leniency in meeting that burden. *See Ahmed v. Rosenblatt*, 118 F. 3d 886, 890 (1st Cir. 1997) ("Our judicial system zealously guards the attempts of pro se litigants on their own behalf."); *see also Kusek v. The Family Circle, Inc.*, 894

---

[1] As of the date of this memorandum and order, Southwest has not filed its own motion for summary judgment. The court further notes that Defendant EOS CCA has been dismissed as a party to this matter and Defendant Deca Financial Services, LLC has not filed an appearance in this case.

2

F. Supp. 522, 527 (D. Mass. 1995) ("The Court must take special care when ruling on motions concerning the pleadings filed by pro se litigants, . . . as they are held to a less stringent standard than those drafted by lawyers."). Moreover, although self-represented status "does not insulate a party from complying with procedural and substantive law," *Ahmed*, 118 F. 3d at 890, fact discovery closes in this matter early next month, which is a reasonable amount of time to allow Plaintiff to conclude the discovery she states she has begun while not prejudicing the movants. Accordingly, the court will defer issuing its ruling(s) on Northeast and Credit Acceptance's motions for summary judgment until the period for non-expert discovery has passed. *See* Fed. R. Civ. P. 56(d); *Equal Employment Opportunity Comm. v. Texas Roadhouse, Inc.*, No. 11-11732-DJC, 2014 WL 7448524, at *2 (D. Mass. Sept. 9, 2014).

II.

Second, with respect to Plaintiff's Motion to Compel Production of Documents or, in the Alternative, for an In Camera Inspection of Documents, after reviewing Plaintiff's motion, as well as Northeast, Southwest, and Credit Acceptance's oppositions, the court concludes that Defendants have sufficiently responded to Plaintiff's discovery requests. While not waiving certain arguments as to procedural defects in Plaintiff's motion, Defendants have also explained substantively that, to the extent Plaintiff has made various document requests, they have provided all responsive documents in their possession, custody or control.[2] Plaintiff's motion to compel is therefore unavailing. *See, e.g., Prokosch v. Catalina Lighting, Inc.,* 193 F.R.D. 633,

---

[2] Plaintiff's motion fails to comply with Local Rules 7.1 and 37.1, as it does not contain either a Rule 7.1 or Rule 37.1 certification and does not describe with particularity the discovery matters at issue. *See* Local Rules 7.1, 37.1; *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 101 (D. Mass. 1996) (denying motion to compel for failure to comply with the Local Rules, which "makes it difficult, if not impossible, for the Court to rule at this time on the substance of the motion to compel, however, meritorious."). In this case, Defendants have provided sufficient information for the court to address the substance of the motion.

637 (D. Minn. 2000) (court will not order party to produce documents when party states that no responsive documents exist).

## III.

Finally, on December 5, 2014, Plaintiff filed a second amended complaint. Southwest, joined by Credit Acceptance, now moves, pursuant to Fed. R. Civ. P. 12(f), to strike the entire pleading because: (1) Plaintiff failed to obtain leave of court or Defendants' written consent, as required by Fed. R. Civ. P. 15(a)(2); (2) Plaintiff failed to confer in advance with Defendants, as required by Local Rule 7.1(A)(2); and (3) any further amendment of Plaintiff's complaint would be futile. Northeast has filed an objection to Plaintiff's filing a second amended complaint on grounds that are substantially the same.

The Federal Rules of Civil Procedure provide that a party seeking to amend her complaint a second time may only do so "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "While courts have historically loosened the reins for [self-represented] parties," *Eagle Eye Fishing Corp. v. U.S. Dept. of Commerce*, 20 F.3d 503, 506 (1st Cir. 1994), "[self-represented] status does not free a litigant in a civil case of the obligation to comply with procedural rules." *Ruiz Rivera v. Riley*, 209 F.3d 24, 28 n.4 (1st Cir. 2000). Here, Plaintiff did not seek leave of court or Defendants' consent to file her second amended complaint. On this basis alone, the court could allow Southwest's motion to strike. *See, e.g.*, *Hutchins v. Cardiac Science, Inc.*, 456 F. Supp. 2d 173, 195 (D. Mass. 2006) ("In this case, [p]laintiff has neither attempted to obtain [defendant's] consent nor filed a motion to amend. Consequently, the motion to strike will be allowed, and the court will disregard [p]laintiff's purported second amended complaint."); *Vazquez v. Johnson County Housing Coalition, Inc.*, No. 03-2147-CM , 2003 WL 21479186, at *1 (D. Kan. June 16, 2003) ("Plaintiff had neither

leave of court nor written consent of the opposing party to assert additional counts in his Amended Complaint. Accordingly, the Court strikes plaintiff's Amended Complaint."). Further, as Defendants contend, Plaintiff's proposed amendment would be futile. The proposed amended complaint is substantially the same as the original complaint, as no new claims are asserted nor any additional material facts alleged. *See Talbots, Inc. v. Dynasty Int'l, Inc.*, 808 F. Supp. 2d 351, 364 (D. Mass. 2011) ("[I]f a proposed amendment would be futile or would serve no legitimate purpose, the district court should not needlessly prolong matters.") (internal quotation marks omitted); *Dore v. New Sensation, Inc.*, No. 13-10315-FDS, 2013 WL 5970702, at *3 (D. Mass. Oct. 31, 2013) (amendment may be denied for futility). As such, the motion to strike will be allowed.

## ORDER

For the foregoing reasons, Plaintiff's Motion to Compel Production of Documents or, in the Alternative, for an In Camera Inspection of Documents is <u>DENIED</u>, and Defendant Southwest Credit Systems' Motion to Strike Plaintiff's Second Amended Complaint is <u>GRANTED</u>. It is further <u>ORDERED</u> that Plaintiff will have until February 4, 2015, to complete any remaining fact discovery, as indicated in the joint proposed scheduling order adopted by the court, and will then have twenty-one (21) days of additional time to file further opposition, if any, to Defendants' current pending summary judgment motions. The clerk shall adjust the filing date accordingly.

It is So Ordered.                    /s/ Katherine A. Robertson
DATED: January 16, 2015              KATHERINE A. ROBERTSON
                                     United States Magistrate Judge